OPINION
Defendant, Geoffrey L. Crump, appeals from his conviction and sentence for operating a motor vehicle while under the influence of alcohol, R.C.4511.19, which were entered on Crump's plea of no contest after the trial court denied his motion to suppress evidence.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE BECAUSE THE INITIAL STOP WAS WITHOUT REASONABLE CAUSE BECAUSE THE KETTERING POLICE OFFICER WHO MADE THE INITIAL STOP OF APPELLANT WAS OUTSIDE OF HIS JURISDICTION AND WAS OUTSIDE HIS AUTHORITY."
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE BECAUSE APPELLANT'S CONSTITUTIONAL RIGHTS AGAINST UNLAWFUL SEIZURE OF HIS PERSON WERE VIOLATED WHEN HE WAS STOPPED BY A KETTERING POLICE OFFICER OUTSIDE OF SAID OFFICER'S JURISDICTION."
Defendant Crump was arrested on November 10, 2000, by Kettering Police Officer David Marcum, in Washington Township. Marcum, who was on his way to work, stopped Crump's vehicle after he observed erratic driving. Defendant argues that because Marcum was outside his territorial jurisdiction when he stopped and detained Defendant for offenses committed and observed outside the officer's jurisdiction, the seizure of Defendant violated R.C. 2935.03 and was unreasonable for Fourth Amendment purposes.
The evidence presented at the suppression hearing demonstrates that on November 10, 2000, at around 10:30 p.m., Kettering Police Officer Marcum was driving to work in his private vehicle. Officer Marcum was wearing a police bicycle uniform that had markings clearly identifying him as a police officer. He also wore his service revolver.
While northbound on Yankee Street at Interstate 675, in Washington Township, Officer Marcum first noticed Defendant's vehicle stopped at the traffic light. As Defendant proceeded ahead of Officer Marcum on Yankee Street, Officer Marcum observed Defendant's vehicle weaving, crossing the center line at least twenty times. Defendant's speed was also fluctuating up and down between 35-45 miles per hour. Defendant stopped for the stop sign at Yankee and Mad River Road, and then accelerated rapidly as he turned northbound onto Mad River Road. When Defendant attempted to turn left onto Munger Road, Defendant's vehicle ran off the road and struck a tree. Defendant exited his vehicle and began walking away, westbound on Munger. Defendant's operation of his vehicle, as observed by Officer Marcum, occurred in Washington Township, well beyond the city limits of Kettering.
Officer Marcum pulled up alongside of Defendant to check on him, whereupon Defendant attempted to enter Marcum's vehicle. Officer Marcum identified himself as a Kettering police officer and told Defendant to back away from his vehicle. In talking to Defendant about what happened, Officer Marcum observed that his speech was slurred, his eyes were glassy, and he had difficulty with agility while walking. These signs, coupled with Defendant's erratic driving led Officer Marcum to suspect that Defendant was driving under the influence of alcohol.
Officer Marcum told Defendant to sit down off the side of the road for his safety. Officer Marcum asked for and was given Defendant's drivers' license, Officer Marcum then used his police radio to request that a Montgomery County Sheriff's deputy be sent to the scene. Officer Marcum later testified that had Defendant attempted to leave, he would have stopped him. Officer Marcum did not arrest Defendant, however. Once the deputy sheriff arrived, Officer Marcum gave him Defendant's driver's license and related what he had observed and his belief that Defendant was under the influence of alcohol. Officer Marcum then left and went on to work. The deputy sheriff subsequently arrested Defendant for driving under the influence of alcohol.
It is a violation of law for a municipal police officer to effect a warrantless arrest outside of the geographic boundaries of the political subdivision where the officer is employed, for traffic offenses committed and observed by the officer outside his jurisdiction. R.C. 2935.03;State v. Coppock (1995), 103 Ohio App.3d 405. Such state law violations, however, do not automatically trigger application of the exclusionary rule to suppress all evidence derived from stops and seizures that violate R.C. 2935.03.
In the recent case of State v. Weideman (2002), 94 Ohio St.3d 501,2002-Ohio-1484, on similar facts, the Ohio Supreme Court held that when apolice officer, acting outside the officer's jurisdictional limits, stopsand detains a motorist for an offense committed and observed outside theofficer's jurisdiction, that seizure is not per se unreasonable under theFourth Amendment. If the totality of the facts and circumstancesdemonstrate that police had a reasonable, articulable suspicion ofcriminal conduct sufficient to warrant the investigative stop anddetention, and probable cause to arrest, then while that extraterritorialseizure may violate R.C. 2935.03, it does not rise to the level of aconstitutional violation requiring suppression of all evidence derivedfrom the stop. Id. See also: State v. Hammons (August 28, 1998),
Montgomery App. No. 16931, unreported, another case with facts similar to this case.
In this case we note that at the suppression hearing Defendant withdrew that portion of his motion to suppress challenging whether police had probable cause to arrest him.
Without question, Officer Marcum seized Defendant within the meaning of the Fourth Amendment when he stopped and detained Defendant and retained Defendant's driver's license until a deputy sheriff could arrive on the scene. Clearly, however, Defendant's erratic driving behavior and the traffic violations which Officer Marcum observed, and the resulting accident, gave Officer Marcum sufficient probable cause to stop Defendant. Weideman, supra. Defendant's manner of operating hisvehicle, coupled with Defendant' slurred speech, glassy eyes, and balanceproblems when walking, presented sufficient reason for suspicion ofcriminal conduct for Officer Marcum to detain Defendant until a deputysheriff arrived on the scene. Id. While Officer Marcum'sextraterritorial stop and detention of Defendant may have violated R.C.2935.03, it did not rise to the level of a Fourth Amendment violationrequiring the suppression of all evidence obtained as a result of thatstop. Id.; Hammons, supra. The trial court correctly overruledDefendant's motion to suppress.
The assignments of error are overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.